UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN BURGIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:07-CV-1572 (CEJ) |
| | ) |
| HARSCO CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed. Defendant Harsco Corporation has filed an opposition to the motion.

I. **Background**

On June 21, 2005, a failure in a scaffolding system caused Michael Townsend to fall to his death. His wife, (plaintiff Tara Townsend), mother (plaintiff Karen Burgin), and his minor children (plaintiffs C.T., H.T., and M.T) filed suit in the Twenty-Second Judicial Circuit, seeking damages under Missouri's wrongful death statute, Mo.Rev.Stat. §§ 537.080 *et seq*. Plaintiffs named as defendants Harsco Corporation and Sky Climber, Inc., who are alleged to be the manufacturers and/or distributors of the scaffolding. They also named a "John Doe" defendant, who is alleged to be a corporation responsible for supplying the defective equipment to Mr. Townsend's employer.

Defendant Harsco Corporation timely removed the matter to this Court pursuant to 28 U.S.C. § 1441, asserting jurisdiction under 28

U.S.C. § 1332. According to the pleadings, plaintiffs are citizens of Missouri and defendant Harsco is incorporated in Delaware with its principal place of business in Pennsylvania. Defendant Sky Climber, Inc., is a Georgia limited liability company with its principal place of business in Georgia, and defendant John Doe is a Missouri corporation. No service has been made on defendants Sky Climber and John Doe. Plaintiffs do not contest defendant Harsco's contention that the amount-in-controversy requirement is satisfied.

**II. Discussion**

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

The removal statute provides that "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Based upon the plain language of the statute, courts have held that the presence of a non-diverse or resident "John Doe" defendants will not defeat removal jurisdiction. See, e.g., Universal Communication Systems, Inc. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007); Australian Gold, Inc. v. Hatfield, 436 F.3d 1228

(10th Cir. 2006); Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 948 (6th Cir. 1994). See also Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997) ("naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs.")

Plaintiffs cite Brown v. TranSouth Fin. Corp., 897 F.Supp. 1398, 1401 (M.D. Ala. 1995), for the proposition that the plain language of § 1441 does not necessarily apply in a case where "the plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent." However, the question before the court in Brown was whether the Court should consider the citizenship of the diversity-destroying fictitious defendant once she was identified. See also Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 475-76 (5th Cir. 2001) (holding that § 1441(a) applies only to John Doe defendants and not to subsequently named defendants substituted for a fictitious defendant). The reasoning of Brown is thus inapplicable to this situation.

There is complete diversity of citizenship between the plaintiffs and the named defendants and, thus, defendant Harsco's removal was not improper.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this matter to the Twenty-Second Judicial Circuit [Doc. #6] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs shall undertake to obtain service of process upon defendant Sky Climber, Inc., and defendant John Doe within the time established by Fed.R.Civ.P. 4(m).

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 5th day of November, 2007.